IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **ANTONIO JAMES,** )  )  Plaintiff, )  )  v. )  )  **CITY OF BIRMINGHAM, AL,** *et al.*, )  )  Defendants. ) | Civil Action Number **2:10-cv-02082-JEO** |

### MEMORANDUM OPINION

This 42 U.S.C. § 1983 action is before the court on defendants' Motion to Dismiss all claims as time-barred pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 43). For the reasons set forth below, the motion is due to be granted in part and denied in part.

### I. FACTUAL BACKGROUND[1]

At 5:00 p.m. on or about July 28, 2008, the plaintiff "was at a residence" in Birmingham, Alabama. (Doc. 1 ¶ 10). City of Birmingham Police Officers Katrina Looney, Eric Turner, and Christopher Robinett "arrived at the premises and sought to enter and search the premises."[2] (*Id*. ¶ 13). After plaintiff "requested to see a search warrant," Officer Looney said "hit him" and either Officer Robinett or Officer Turner tased plaintiff, striking him in the hand and stomach. (*Id*. ¶ 14-16). The officers then transported plaintiff to Cooper Green Mercy Hospital and incarcerated him in the Birmingham City Jail. (*Id*. ¶ 17, 21).

---

[1] "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.'" *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (quoting *GSW, Inc. v. Long Cnty.*, 999 F.2d 1508, 1510 (11th Cir. 1993)). However, legal conclusions unsupported by factual allegations are not entitled to that assumption of truth. *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1950 (2009).

[2] The court is unable to determine from the face of the Complaint whether the officers sought to enter and search the residence or merely the surrounding property.

On or about that same day, the City issued "a criminal complaint against plaintiff for drinking an alcoholic beverage in public," in violation of § 12-10-9, Birmingham City Code (1980). (Doc. 1 ¶ 27). Plaintiff remained in the Birmingham City Jail "for a day, until he bonded out." (*Id.* ¶ 21). In view of the fact that the officers arrested plaintiff around 5:00 p.m. on July 28, 2008, the court infers that plaintiff remained in the Birmingham City Jail until the next day, July 29, 2008. "From July 28, 2008 to January 26, 2010," the City prosecuted plaintiff for violating § 12-10-9, Birmingham City Code, for drinking an alcoholic beverage in public.[3] (Doc. 1 ¶ 28). As a result of the actions taken against him, plaintiff alleges "great pain and mental suffering" and medical and legal expenses. (*Id.* ¶ 45).

On July 29, 2010, two years after being released from the Birmingham City Jail, plaintiff filed this action seeking damages and other relief from the City of Birmingham, Chief of Police A.C. Roper, Officer Looney, Officer Turner, and Officer Robinett for the injuries he allegedly sustained when the officers tased and subsequently detained him. (Doc. 1). The Complaint includes seven counts: (1) a 42 U.S.C. § 1983 claim of excessive force; (2) a § 1983 claim of false imprisonment in violation of the Fourth and Fourteenth Amendments; (3) § 1983 claim of malicious prosecution in violation of the Fourth and Fourteenth Amendments; (4) a § 1983 claim of "negligence in hiring, training, supervision and retention;"[4] (5) a state-law claim of assault and

---

[3]The ultimate outcome of that case is not clear from the face of the Complaint or the supporting documents. Because defendants did not raise this issue in their Motion, the court presumes that the action was dismissed. Indeed, a "claim for malicious prosecution cannot succeed unless the action subject of the claim is unsuccessful." *Jerman v. Carlisle*, --- U.S. ---, 130 S. Ct. 1605, 1632 (quoting *Emanuel v. American Credit Exch.*, 870 F.2d 805, 809 (2nd Cir. 1989)) (internal quotation marks omitted).

[4]The Complaint does not specify under which statute Count Four arises. Plaintiff alleges only that "the foregoing acts, omissions, and systematic deficiencies are policies and customs of defendants, Roper and Birmingham, and such deficiencies causes [*sic*] its police officers to be unaware of proper rules for arrest and imprisonment, all with the foreseeable results that officers are more likely to engage in false arrests, imprisonments and malicious prosecutions." (Doc. 1 at ¶ 43). The Complaint further alleges that "the aforementioned acts were

battery; (6) a state-law claim of false arrest; and (7) a state-law claim of malicious prosecution. The claims in Counts One, Two, Five, and Six are brought only against the officers. The claims in Counts Three and Seven are brought only against the officers and the City of Birmingham. The claim in Count Four is brought only against Chief Roper and the City of Birmingham.

## II.  APPLICABLE STANDARDS

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when a complaint fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citations and internal quotation marks omitted). A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The complaint must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). Ultimately, this inquiry is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S. Ct. at 1950.

## III.  ANALYSIS

Defendants broadly allege that this "action is time barred." (Doc. 43 ¶ 1). For the foregoing reasons, the court agrees that Count One (excessive force) is due to be dismissed as

---

done in bad faith with malice, with gross negligence or reckless disregard of the clearly protected rights of plaintiff and others ... secured under the Fourth and Fourteenth Amendments of the United States Constitution." (Doc. 1 at ¶ 44-45). The court proceeds under the assumption that this count, like the three which precede it, relies on § 1983 to provide relief for the alleged violations of plaintiff's constitutional rights.

time-barred, but that the remaining counts are not due to be dismissed at this state of the litigation.

A.     **42 U.S.C. § 1983 Claims — Counts One through Four**

Defendants contend, and plaintiff appears to concede, that Alabama state law governs the statute of limitations applicable to the § 1983 claims.  Indeed, § 1983 does not provide a statute of limitations, and the law is well-established that where federal law does not provide a statute of limitations, state law shall apply.  *See* 42 U.S.C. § 1988 (2000).  Further, the Supreme Court has explained that § 1983 actions should be construed as tort actions, subject to the statute of limitations governing personal injury actions in the state where the action is brought.  *See Wilson v. Garcia*, 471 U.S. 261 (1985).  In Alabama, a two-year statute of limitations governs personal injury actions and, therefore, governs the § 1983 claims here.  The statute begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights."  *Brown v. Georgia Bd. of Pardons and Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (internal quotation marks omitted).

   1.     *Count I - Excessive Force*

In response to defendants' motion, plaintiff concedes that his claim for excessive force arose on July 28, 2008, and that he filed the Complaint two years and one day after that date. (Doc. 1 ¶ 10; Doc. 45 ¶ 3).  Because the claim is time-barred from the face of the Complaint, he contends that "the time for filing of plaintiff's § 1983 claim should be equitably tolled" due to alleged technical difficulties his counsel faced when filing the Complaint.  (Doc. 45 ¶ 12). Specifically, plaintiff asserts that his counsel attempted to file the Complaint on July 28, 2008, but that "bugs" in the "newly implemented system for electronically filing" prevented the filing.

(Doc. 45 ¶ 11). In support, plaintiff submits affidavits from his counsel and the secretary of his counsel, stating that they attempted to electronically file the Complaint at 6:57 p.m. on July 28, 2010. (Doc. 45 at 6-10).

In reply, defendants argue that plaintiff has failed to submit adequate evidence indicating a technical failure of the court's electronic filing system or that he exercised adequate remedial steps. First, defendants correctly contend that no evidence is before this court which suggests that a widespread technical failure with the court's electronic filing system occurred on July 28, 2008. (Doc. 47 ¶ 5). Further, defendants point out that the court has maintained a procedure for addressing technical filing failures since November 1, 2004, and that plaintiff failed to use these procedures. (Doc. 47-1 ¶ 3; Doc. 47-2 at 13). Additionally, the court's website provides that "[a] deputy clerk is available for emergency after hours filings by dialing digital beeper," and plaintiff produces no evidence indicating that his counsel dialed the digital beeper. *See* http://www.alnd.circ11.dcn/Court%20Information/hours_of_operation.htm.

Without evidence indicating a widespread technical failure of the court's electronic filing system and prompt remedial steps by plaintiff to ensure that the Complaint was deemed filed on July 28, 2008, the court finds that equitable tolling is not appropriate in this case. Simply, plaintiff has not established that he exercised due diligence in preserving his legal rights. The Supreme Court has held that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). Similarly, the Eleventh Circuit has held that equitable tolling may be "appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Drew v. Dep't of Corr.*, 297 F.3d

1278, 1286 (11th Cir. 2002) (citing *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (additional citations omitted)). And specifically, with regard to late filings, the Eleventh Circuit has observed "[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights ... the principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984)).

Here, plaintiff has simply not established that his failure to file the excessive force claim within two years of his arrest resulted from "extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). Therefore, the claim is time-barred and due to be dismissed.

    2.    ***Remaining § 1983 Claims - Counts Two, Three, and Four***

As to Count Two, alleging false imprisonment, the "running of the statute of limitations on false imprisonment is subject to a distinctive rule-dictated, perhaps, by the reality that the victim may not be able to sue while he is still imprisoned: 'Limitations begin to run against an action for false imprisonment when the alleged false imprisonment ends.'" *Wallace*, 549 U.S. at 389 (quoting 2 H. Wood, Limitation of Actions § 187d(4), p. 878 (rev. 4th ed. 1916). Construing the complaint in the light most favorable to plaintiff, this court presumes that he remained in the city jail until July 29, 2008. As such, the statute of limitations did not begin to run until July 29, 2008, and plaintiff's false imprisonment claim is not time-barred.

Count Three, alleging malicious prosecution, is also not time-barred. To sustain an action for malicious prosecution, "a plaintiff must show that the criminal action was begun without

probable cause for charging the crime in the first place." *Hartman v. Moore*, 547 U.S. 250, 258 (2006). He must also demonstrate that he was acquitted of the charge alleged. *See* Jerman v. Carlisle, --- U.S. ---, 130 S. Ct. 1605 (2010); *Wallace*, 549 U.S. at 392. Accordingly, the statute of limitations for a malicious prosecution claim under §1983 begins to run on the date the court enters its order of dismissal. *See Whiting v. Traylor*, 85 F.3d 581, 585-86 (11th Cir. 1996); *Uboh v. Reno*, 141 F.3d 1000 (11th Cir. 1998). Although the Complaint does not clearly state that the action was dismissed, the court infers for purposes of this motion that this was indeed the case. The Complaint does allege that plaintiff was prosecuted for violating § 12-10-9 Birmingham City Code "[f]rom July 28, 2008 to January 26, 2010." (Doc. 1 ¶ 28). As such, the statute of limitations did not begin to run until January 26, 2010, the date the prosecution was terminated, and this claim is not barred.

Likewise, Count Four is governed by the two-year statute of limitations. The complaint alleges that "[p]rior to and on July 29, 2008, defendants ... permitted, encouraged, tolerated, and ratified a pattern and practice of unjustified, unreasonable, and illegal use of excessive force and arrests by its police officers." (Doc. 1 ¶ 36). Under these facts, the claim is timely, and is not barred by the statute of limitations.

**B.      State-Law Claims[5]**

Notably, plaintiff incorrectly alleges that his claim in Count Seven, for malicious prosecution under state law, is governed by the six year statute of limitations set forth in ALABAMA CODE § 6-3-34(1) (1975). Rather, in Alabama, the applicable statute of limitations for

---

[5]This court retains pendent jurisdiction over plaintiff's state claims because proper federal claims remain. 28 U.S.C. § 1367(a-c).

a malicious prosecution claim is two years under § 6-2-38. *See Barrett Mobile Home Trans., Inc. v. McGugin*, 530 So. 2d 730, 733 (Ala. 1988). However, the statute does not begin to run until the underlying action is terminated. *Id.* Because the complaint alleges that the cause of action underlying the malicious prosecution claim did not terminate until January 26, 2010, plaintiff's claim under Count Seven is not barred.

Finally, Counts Five and Six, the remaining state law claims (assault and battery and false arrest), are governed by the six year statute of limitations and are not barred. *See* ALA. CODE § 6-3-34(1) (1975).

## IV.   CONCLUSION

For the reasons stated above, this court finds that defendants' Motion to Dismiss should be granted as to Count One, excessive force, and denied as to all other counts. An appropriate order will be entered.

**DONE**, this 16th day of February, 2012.

*/s/ John E. Ott*
**JOHN E. OTT**
United States Magistrate Judge